## Healey *v.* Bowman, Appellant.

*Contract—Action for balance due—Set-off—Damages—Breach— Questions of fact—Evidence—Case for jury.*

In an action of assumpsit for coal sold and delivered where the questions raised are chiefly questions of fact, and the case is submitted to the jury in a proper charge, and there is no substantial error in the record, a judgment on a verdict for plaintiff will be affirmed on appeal.

Argued May 10, 1921. Appeal, No. 34, Jan. T., 1921, by defendant, from judgment of C. P. Luzerne Co., June T., 1915, No. 691, on verdict for plaintiff, in case of Martin J. Healey v. C. C. Bowman. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for coal sold and delivered. Before CUMMINGS, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $13,019.54.   Defendant moved for judgment for defendant n. o. v.   Judgment for plaintiff.   Defendant appealed.

*Error assigned,* among others, was order refusing judgment for defendant n. o. v.

*Benj. O. Frick,* with him *W. L. Bowman, E. C. Jones* and *F. W. Wheaton,* for appellant.

*B. R. Jones,* for appellee.

Per Curiam, July 1, 1921:

Plaintiff, Martin J. Healey, was a stockholder in and manager of the Reliance Coal Company, which company was indebted to defendant, C. C. Bowman, in the sum of $21,785.58, the balance of a $25,000 loan secured by a mortgage covering the breaker property of the company and other improvements.   Plaintiff entered into an agreement with defendant to personally take over the lease of the Reliance Coal Company and assume its indebtedness to the latter and, pursuant to the terms of the contract, defendant foreclosed his mortgage, purchased the property at sheriff's sale and leased it to plaintiff with a provision that upon payment of the indebtedness the property would be deeded to plaintiff.   In accordance with this arrangement plaintiff executed a new bond and mortgage to defendant to secure the indebtedness of $21,785.58 and at the same time the parties entered into a sales agreement whereby defendant was given the right to sell for a fixed period all coal mined by plaintiff, to be paid for at a designated price, less freight charges, commissions and incidental expenses, and less a charge of ten cents on every ton, to be set aside as a sinking fund toward the payment of the mortgage debt.   Business was carried on under this agreement for five years when a dispute arose which finally resulted in a severance of business relations between the parties.   Healey then insti-

tuted the present action against Bowman to recover a balance claimed to be due for coal, whereupon the latter entered judgment on the bond accompanying the mortgage executed by Healey. Healey as defendant in that proceeding, obtained a rule to open the judgment, which rule was made absolute and an issue awarded to determine the amount, if any, due on the mortgage. He also presented a petition asking that the issue as framed be extended so as to include a determination not only of the amount due on the mortgage but also the amount, if any, Bowman was indebted to him. On objection being made the court refused to enlarge the issue and a trial resulted in a general verdict in favor of Healey and also a special verdict to the effect that Healey did not assume payment of a stated balance of the Reliance Coal Company's book indebtedness; that he had directed Bowman to appropriate money in his hands to the balance due on the bond; and that there was sufficient money in Bowman's hands to pay such balance. On appeal, the judgment entered on the verdict was affirmed by this court: Bowman v. Healey, 258 Pa. 464. Following the final disposition of the case just referred to, the present action was placed on the trial list to determine the amount due from defendant to plaintiff on account of the sale of coal and resulted in a verdict for plaintiff in the sum of $13,019.54, upon which the court below entered judgment for $12,484.83.

The questions raised were chiefly questions of fact which were submitted to the jury in a careful and elaborate charge. Motions for a new trial and for judgment non obstante veredicto were dismissed in an opinion fully considering all questions raised. We find no substantial error in the record and nothing to warrant setting aside the verdict of the jury.

The judgment is affirmed.